1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MIKHAEL CHARLES DORISE,

    Petitioner,

    v.

ANDRE MATEVOUSIAN, Warden,

    Respondent.

No.  1:15-cv-01197-DAD-SKO  HC

**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR LACK OF JURISDICTION**

Petitioner is a federal prisoner proceeding p*ro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks to have his sentence set aside as excessive following the U.S. Supreme Court's recent holding in *Johnson (Samuel) v. United States*, 135 S.Ct. 2551 (2015).  Respondent contends that Petitioner should have filed his action under 28 U.S.C. § 2255 in the sentencing district and moves to dismiss the petition for lack of jurisdiction.  The undersigned has reviewed the parties' submissions and applicable law and recommends that the Court grant Respondent's motion to dismiss.

## I.    Procedural and Factual Background

In an unpublished report and recommendation, a magistrate judge in the Western District of Louisiana set forth the factual and procedural background of the underlying crime:

1

[Petitioner] is currently serving three consecutive sentences, totaling 411 months, for robbery, use of a firearm during the commission of a crime of violence and possession of a firearm by a felon. [3:02-cr-19 S.D. Tex.; Doc. 265] On May 24, 2002, [Petitioner], armed with a pistol, forced his way into the Guaranty Bank in LaMarque, Texas, just prior to its opening, threatened three bank employees at gunpoint, forced them to give him approximately $180,000.00, locked them in the bank's vault, and then fled in a truck belonging to one of the employees. [Petitioner] was captured shortly after the robbery. [*Id.*]

[Petitioner] represented himself at trial after rejecting three separate court-appointed attorneys. He was convicted by a jury of the three crimes alleged against him on May 28, 2004. At sentencing, stand-by counsel represented him. He was sentenced to 411 months of imprisonment, pursuant to the Armed Career Criminal Act (ACCA). On appeal, he accepted the representation of appointed counsel. His sole issue on appeal was whether he was competent to waive his right to counsel. On January 16, 2006, his convictions were affirmed by the United States Court of Appeals for the Fifth Circuit, which found that the judge did not err in finding that [Petitioner] knowingly and willingly waived his right to counsel. *U.S. v. Dorise*, 163 Fed.Appx. 305 (2006).[[1]]

More than 2 years later, on November 4, 2008, [Petitioner] filed a motion under § 2255 to vacate, set aside or correct [the] sentence. [3:02-cr-10, S.D. Tex., Doc. # 265] Petitioner was denied the benefit of equitable tolling, and his § 2255 motion was denied as time-barred. [3:02-cr-10, S.D. Tex., Doc. # 268, 269] Alternatively, the court determined that [Petitioner's] claims were either procedurally barred, not cognizable in a § 2255 proceeding, or unavailing. [*Id.*] Petitioner sought a certificate of appealability, which was denied by the district court as well as the Fifth Circuit Court of Appeals. [3:02-cr-10, S.D. Tex., Docs. # 277, 291]

*Dorise v. Medina*, 2011 WL 5024639 at *1 (W.D. La. Sept. 19, 2011) (No. 11-cv-928).

The District Court adopted the findings and recommendations, and dismissed the case on October 20, 2011. *See Dorise v. Medina*, 2011 WL 5024624 (W.D. La. Oct. 20, 2011) (No. 11-cv-928).

In a later unpublished opinion, the U.S. District Court for the Western District of Virginia continued the procedural narrative:

Since filing his § 2255 motion, [Petitioner] has sought permission from the Fifth Circuit to file a second or successive § 2255 motion on three occasions, all of which the Fifth Circuit has denied. *In re: Mikhail Dorise*, No. 10-40605 (5th Cir. 2011 [*sic*]) (slip op. of Aug.

---

[1] "On October 6, 2006, the Supreme Court of the United States denied [Petitioner's] petitioner for writ of certiorari." *Dorise v. Zych*, 2012 WL 843779 at *1 (W.D. Va. Mar. 12, 2012) (No. 7:12-cv-00029).

31, 2010); *In re: Mikhael Dorise*, No. 10-41020 (5th Cir. 2011[*sic*]) (slip op. of Dec. 14, 2010); *In re: Mikhael Dorise*, No. 11-40099 (5th Cir. 2011) (slip op. of Mar. 14, 2011).  [Petitioner] has also filed two § 2241 petitions in two separate district courts, the Eastern District of Kentucky and the Western District of Louisiana, both of which were also denied.  In his two prior § 2241 petitions, [Petitioner] raised substantially the same claim and both district courts found that [Petitioner's] claim was not cognizable in a § 2241 petition.

In the instant § 2241 petition, [Petitioner] contends that he is actually innocent of his career offender status because his 1992 conviction for a robbery in Galveston, Texas does not qualify as a prior "crime of violence" for purposes of a sentencing enhancement under U.S.S.G. § 4B1.1 in light of the Supreme Court's recent decisions in *Johnson [(Curtis)] v. United States*, 130 S.Ct. 1265 (2010), and *Begay v. United States*, 553 U.S. 137 (2008).[2]

*Dorise v. Zych*, 2012 WL 843779 at *1 (W.D. Va. Mar. 12, 2012) (No. 7:12-cv-00029).

On March 12, 2012, the U.S. District Court for the Western District of Virginia dismissed Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Dorise v. Zych*, 2012 WL 843779 (W.D. Va. Mar. 12, 2012) (No. 7:12-cv-00029).  (The Virginia district court applied Fourth Circuit precedent holding that the savings clause (28 U.S.C. § 2255(e)) did not apply to petitions that only challenge the petitioner's sentence.  *Id.* at *2.)

On August 3, 2015, Petitioner filed the above-captioned petition for writ of habeas corpus in this Court.  Respondent moved to dismiss the petition on December 1, 2015.

## II.   This Court Does Not Have Section 2241 Jurisdiction

### A.   In General

A federal court may not consider an action over which it has no jurisdiction.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  Respondent contends that because Petitioner cannot prove the elements necessary to bring an action challenging his conviction under § 2241, the District Court has no jurisdiction over the petition and must dismiss it.

"[T]o determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  *Id.*  A

---

[2] [Petitioner's] sentence was enhanced under U.S.S.G. § 4B1.1 because he had committed two prior "crimes of violence."  The definition of that term in U.S.S.[G.] § 4B1.2(a) is identical to the term "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B), the provision at issue in *Begay* and *Johnson [Curtis]*.

3

1  prisoner must challenge the manner, location, or conditions of a sentence's execution by filing a

2  petition pursuant to § 2241 in the "custodial court," that is, the court of the district in which he is

3  incarcerated.  *Id.* at 864.  If the prisoner challenges the legality of his conviction or sentence,

4  however, he must bring a § 2255 motion in the district of conviction.  *Stephens v. Herrera*, 464

5  F.3d 895, 897 (9th Cir. 2006).  The prisoner cannot avoid the restrictions of a § 2255 motion by

6  attempting to challenge his conviction or sentence by means of a § 2241 petition in the custodial

7  court.  *Id.*  If this general rule applies, a petitioner cannot seek modification of his sentence by

8  filing a § 2241 petition.

9  **B.    The "Escape Hatch"**

10  An exception to the § 2241 limitations, commonly referred to as the "escape hatch" or the

11  "savings clause," "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to

12  contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to

13  test the legality of his detention."  *Id.* (citations and internal quotations omitted).  "[A] prisoner

14  may file a § 2241 petition under the escape hatch when the prisoner (1) makes a claim of actual

15  innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."

16  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (internal quotations omitted).  "If the

17  prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality

18  of a sentence through a § 2241 petition in the custodial court."  *Harrison v. Ollison*, 519 F.3d 952,

19  956 (9th Cir. 2008).

20  **C.    Unavailability of Adequate or Effective Remedy**

21  The petitioner bears the burden of proving that the remedy available under § 2255 is

22  inadequate or ineffective.  *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).  "In

23  determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask

24  whether petitioner's claim 'did not become available' until after a federal court decision."

25  *Harrison*, 519 F.3d at 960 (quoting *Stephens*, 464 F.3d at 898).  To answer this question, a court

26  must consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had

27  exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed "in any

28  ///

4

way relevant" to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d at 1060-61).

"An intervening court decision must 'effect a material change in the application of applicable law' to establish unavailability.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Harrison*, 519 F.3d at 960). "[A] decision that simply 'provides further clarification' of the statute of conviction without 'materially vary[ing ] from the statutory construction set forth' in previous case law does not effect such a change." *Alaimalo*, 645 F.3d at 1048 (quoting *Harrison*, 519 F.3d at 960).

In *Johnson (Samuel)*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)) violated due process because it was unconstitutionally vague.  Petitioner contends that *Johnson (Samuel)* provides him with a previously unavailable argument, rendering his § 2255 remedy inadequate or ineffective.

In this case, before filing this § 2241 petition in the Eastern District of California, where he is presently incarcerated, Petitioner has attempted to bring multiple § 2255 motions as well as § 2241 petitions challenging his sentence. When a petitioner seeks authorization to bring a second or successive § 2255 petition based on a change in applicable law, "a court of appeals may authorize a second or successive § 2255 motion only if the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Stephens*, 464 F.3d at 897.  The Fifth Circuit, in which Petitioner was convicted and sentenced, has held that *Johnson (Samuel)* established a new rule of constitutional law but that it does not apply retroactively on collateral review.  *In re Williams*, 806 F.3d 322 (5th Cir. 2015).  Accordingly, Petitioner could not successfully pursue relief under *Johnson (Samuel)* by filing a motion in the Fifth Circuit seeking authorization to file a second or successive petition.

**D.     Actual Innocence**

Despite the unavailability of an adequate or effective remedy to the alleged violation of Petitioner's due process rights through his sentencing under 18 U.S.C. § 924(e)(2)(B ), Petitioner ///

5

1    cannot rely on the escape clause because he cannot prove that he is actually innocent of the

2    charges against him.

3          "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the

4    evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"

5    *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28

6    (1995)).  *See also Alaimalo*, 645 F.3d at 1047.  Petitioner has the burden of proving this issue by

7    a preponderance of the evidence.  He must not only show that the evidence against him was weak,

8    but that is was so weak that "no reasonable juror" would have convicted him.  *Lorentsen v. Hood*,

9    223 F.3d 950, 954 (9th Cir. 2000).  "[S]uch a claim requires [a] petitioner to support his

10   allegations of constitutional error with new reliable evidence—whether it be exculpatory

11   scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

12   presented at trial."  *Schlup*, 513 U.S. at 324.

13         The Ninth Circuit has never extended the savings clause to a § 2241 petitioner who

14   challenges only the enhancement of his sentence:

15             We have not yet resolved the question whether a petitioner may
16             ever be actually innocent of a noncapital sentence for the purpose of
               qualifying for the escape hatch.   It is clear, however, that
17             Petitioner's claim that two of his prior offenses should no longer be
               considered "related," and that he was incorrectly treated as a career
18             offender, is a purely legal claim that has nothing to do with factual
               innocence.   Accordingly, it is not a cognizable claim of "actual
19             innocence" for the purposes of qualifying to bring a § 2241 petition
               under the escape hatch.

20             Our sister circuits are in accord that petitioner generally cannot
21             assert a cognizable claim of actual innocence of a noncapital
               sentencing enhancement.

22             *Marrero*, 682 F.3d at 1193.

23         Because Petitioner asserts a sentencing claim and because the escape hatch of § 2255

24   extends only to petitioners asserting claims of actual innocence regarding their convictions.

25   Petitioner has not alleged a cognizable claim of actual innocence.  As a result, the Court lacks

26   jurisdiction to consider this § 2241 petition under the § 2255 escape hatch.

27   ///

28   ///

### III.   **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability when the prisoner shows "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that it lacks jurisdiction to hear the § 2241 petition to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

## IV.    Conclusion and Recommendation

Because Petitioner cannot establish actual innocence, this Court lacks jurisdiction to consider his petition for writ of habeas corpus under 28 U.S.C. § 2241. Accordingly, the undersigned recommends that the Court dismiss the petition for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __January 27, 2016__                              _____ **/s/ Sheila K. Oberto**
                                                                                  UNITED STATES MAGISTRATE JUDGE

8