1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                           EASTERN DISTRICT OF CALIFORNIA

8

9    MIKHAEL CHARLES DORISE,              No.  1:15-cv-01197-DAD-SKO  HC

10                  Petitioner,           **ORDER ADOPTING FINDINGS AND**
                                          **RECOMMENDATIONS**
11        v.                              **RECOMMENDING THAT THE COURT**
                                          **DISMISS THE PETITION**
12   ANDRE MATEVOUSIAN, Warden,           **FOR LACK OF JURISDICTION**

13                  Respondent.           **(Doc. Nos. 18 and 23)**

14

15        Petitioner, a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2241 and currently confined at the Atwater U.S. Penitentiary, seeks to

17   have his sentence set aside as excessive in light of the United States Supreme Court's recent

18   holding in *Johnson (Samuel) v. United States*, __U.S.__, 135 S. Ct. 2551 (2015).  Respondent

19   contends that petitioner should have filed his challenge by way of motion brought under 28

20   U.S.C. § 2255 in the sentencing district and moves to dismiss the petition for lack of jurisdiction.

21   The court referred the matter to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22   Rules 302 and 304.

23        On January 28, 2016, the assigned magistrate judge issued findings and recommendations

24   in which the magistrate judge concluded that the court did not have jurisdiction because the

25   "escape hatch" of 28 U.S.C. § 2241 applied only to petitioners challenging the legality of their

26   convictions, not to petitioners challenging the legality of their sentences.  (Doc. No. 23.)

27   Accordingly, the magistrate judge recommended that the court deny the § 2241 petition, enter

28   judgment for respondent, and decline to issue a certificate of appealability.

                                          1

1    The findings and recommendations, which were served on all parties on the same date,

2   provided that objections could be served within thirty days and replies within fourteen days after

3   the filing of any objections.  On February 16, 2016, petitioner filed objections.  (Doc. No. 24.)

4   On February 23, 2016, petitioner filed a supplemental brief.  (Doc. No. 25.)  Although over

5   fourteen days have passed since petitioner filed objections, respondent has filed no reply.

6    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), having carefully reviewed

7   the entire file *de novo* and considered petitioner's objections.  The court finds petitioner's

8   objections, which focus on his claim of actual innocence with respect to his sentence, to be

9   unpersuasive.  Accordingly, the court will adopt the findings and recommendations.[1]

10    For the reasons set forth above:

11    1.  The findings and recommendations filed January 28, 2016, be adopted;

12    2.  The court declines to issue a certificate of appealability; and

13    3.  The court directs the clerk of court to enter judgment for respondent in this action.

14   IT IS SO ORDERED.

15   Dated:   **March 30, 2016**

16                        UNITED STATES DISTRICT JUDGE

17

18

19   [1] The court notes that petitioner's reliance on the decision in *Johnson* would appear to be
unwarranted in any event.  The Supreme Court in *Johnson* struck down the residual clause of the
20   Armed Career Criminal Act, codified at 18 U.S.C. § 924(e)(2)(B).  135 S. Ct. at 2563 ("We hold
that imposing an increased sentence under the residual clause of the Armed Career Criminal Act
21   violates the Constitution's guarantee of due process.").  However, that decision in no way
abrogated the ACCA's other prongs defining a "violent felony."  Thus, crimes that "ha[ve] as an
22   element the use, attempted use, or threatened use of physical force against the person of another"
are still considered "violent felonies" for the purpose of imposing sentence enhancements under
23   the ACCA, as well as for purposes of applying those sections of the U.S. Sentencing Guidelines
that mimic the Act's language.  *See id.* ("Today's decision does not call into question application
24   of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent
felony.").  Having been convicted of committing robbery pursuant to Texas Penal Code § 29.02—
25   an essential element of which is "intentionally, knowingly, or recklessly caus[ing] bodily injury to
another; or intentionally or knowingly threat[ing] or plac[ing] another in fear of imminent bodily
26   injury or death"—petitioner can be deemed a violent felon without reference to the residual
clause set out in § 4B1.2 of the Federal Sentencing Guidelines, rendering the holding *Johnson*
27   inapplicable to his situation.

28